## MOSHER *v.* JOYCE and others.

*(Circuit Court, S. D. Ohio. June 2, 1887.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—LEVER LIFTING-JACKS.

   Letters patent Nos. 168,663 and 172,471, of date, respectively, October 11, 1875, and January 18, 1876, to Samuel E. Mosher, "for improvements in lever lifting-jacks," sustained, and held infringed by the "Joyce jack," No. 29, (except as to the "trip attachment" attached thereto,) and not infringed by the "Joyce jack," No. 8.

2. SAME.

   Claim No. 1 of letters patent No. 172,471, of date January 18, 1876, to Samuel E. Mosher, for "an improvement in lever lifting-jacks," substitutes for the single lever, engaging the pawl-block in a recess, (as in letters patent No. 168,663, of date October 11, 1875, to said Mosher,) a "double" lever, engaging the pawl-block at its outer sides. *Held,* (1) that the "double" lever constituted a useful improvement in lifting-jacks, it being the means of attaining greater strength and security, the pivots being thereby brought as close as desired to the weight sustained: and (2) that the invention was not anticipated by anything found in No. 168,663, or other prior lifting-jack inventions: and (3) that the double-lever device of the Joyce lifting-jack was a mere mechanical equivalent of the improvement. (On rehearing.)

In Equity. Bill for injunction.

Suit for infringement of two letters patent granted to complainant upon lever lifting-jacks, as follows: (1) No. 168,663, dated October 11, 1875, as to the following claim: "The block, D, provided with several teeth that catch simultaneously in those of bar, A, and pivoted to the lever, E, as and for the purpose specified." Also (2) No. 172,471, dated January 18, 1876, as to the following claim: "In a lifting-jack, the toothed lifting-block, pivoted to sockets of a double lever, swinging on an oscillating fulcrum, to engage and clear readily the teeth of the lifting-bar, as required, substantially, for the purpose described."

The structure shown by the first of these patents was a lifting-jack with vertical rack-bar, moving in a containing frame or stand, by means of a many-toothed pawl-block, pivoted to the end of a hand-lever, fulcrumed in pivotal hangers swung from the upper portion of the stand at the sides. The second patent exhibited a similar structure, but in which the end of the hand lever, instead of pivoting to the pawl-block in a recess of the block opening to the rear, was bifurcated around the pawl-block, and engaged with laterally projecting studs upon the block. The lever was divided longitudinally, to facilitate attachment to the pawl-block; but its parts bolted together formed a single rigid lever when in use. The object of the latter improvement was to obtain the increased strength of a solid block and a shorter leverage than was possible under the former construction.

Defendants' jack Exhibit No. 29 was identical in all respects, except that the lever was cast solid, with open sockets at the end of its bifurcated arms to receive the lateral projections of the pawl-block. The ends of the hook-sockets were bent over the projections by hammering, when in place. Defendants' jack No. 8 (Joyce patent No. 210,946, December 17, 1878) had a lever pivoted directly to the frame or stand, with a crank projection connected by a link with a "knuckle-joint" system of levers carrying the pawl-block.

The "special function" relied upon, as distinguishing the Mosher jack from the preceding art, was the rigid immobility of the teeth of the pawl-block in relation to those of the rack-bar when lifting a load. In preceding jacks no pawl-block pivoted to the lever was employed, but the end of the lever was enlarged into a segment-shaped head, with a cogged or toothed periphery, the teeth of which engaged successively with the rack-bar as the handle of the lever was depressed, producing a slipping engagement and a grinding movement that soon wore and broke out the teeth.

The defense relied upon the state of the art shown in the following patents:

| No. | 7,820, | Jas. Leffel, | lifting-jack, | | 1850 |
|---|---|---|---|---|---|
| " | 97,631, | R. Green, | cotton-press, | | 1869 |
| " | 88,896, | N. Chapman, | cotton and hay press, | | 1869 |
| " | 106,417, | W. M. Smith, | " | " | 1870 |
| " | 115,126, | W. M. Smith, | " | " | 1871 |
| " | 160,143, | Bennett & Rancier, | cotton-press, | | 1875 |
| " | 164,323, | L. O'Hara, | jack, | | 1875 |

And upon expert testimony of John W. Hill, showing want of novelty in view of the art.

*L. M. Hosea*, for complainant.

*Wood & Boyd*, for defendants.

JACKSON, J. This suit is brought to restrain the infringement of letters patent "for improvements in lever lifting-jacks," granted to the complainant, bearing date October 11, 1875, and January 18, 1876, numbered 168,663 and 172,471, respectively. The defendants rely upon the defenses of want of novelty, no invention, and non-infringement.

The legal principles applicable to the questions presented in the case are well settled,—so well settled, indeed, that any review of the authorities bearing upon them would be an unprofitable consumption of time; nor is it deemed necessary to examine in detail the various patents relied on by defendants to show that plaintiff's letters patent were anticipated. This, together with the defenses of "no invention and non-infringement," having been carefully examined and considered, it is deemed sufficient to announce the conclusions which the court has reached in the premises. These conclusions are:

*First*, that the defenses of want of novelty and no invention are not sustained, and the plaintiff's patents are valid.

*Second*, that plaintiff's said patents are infringed by the Joyce jack, Exhibit No. 29, (except as to the "*trip attachment*" attached thereto.)

*Third*, that plaintiff's said patents are not infringed by the Joyce jack, Exhibit No. 8.

There will accordingly be a decree in favor of the complainant for an injunction and account against the defendants as to the Joyce jack, Exhibit No. 29. But as to the Joyce jack, Exhibit No. 8, the bill will be dismissed on the ground that there is no infringement.

---

Upon motion of the defendants, a reargument was had as to No. 172,471, upon the claim of non-infringement by reason of the difference in construction above described, and the court (July 11, 1887) filed the following opinion:

JACKSON, J. In this case, application of defendants to recall the decree sustaining the validity of claim 1 of the second patent No. 172,471, issued to the plaintiff January 18, 1876, and to grant a rehearing as to that patent, *is denied*. After a re-examination of the case on the first claim of said patent 172,471, the court is of the opinion that the double lever therein embodied constitutes a useful and patentable improvement in lifting-jacks not *anticipated by anything found in* patent No. 168,663, or other prior lifting-jack inventions. In the first Mosher patent the lever passes *into the pawl-block*, which is attended with many disadvantages which the patent No. 172,471, with its double lever, embracing the pawl-block on either side, was designed to (and does in fact) obviate. For the single lever engaging the pawl-block in a recess, (as in patent 168,663.) said patent No. 172,471 substitutes a "*double*" lever, engaging the pawl-block at its outer sides. By this means greater strength and security is attained; the pivots being thus brought as close as desired to the weight sustained. The double-lever device of the Joyce lifting-jack is nothing more than a mechanical equivalent of plaintiff's improvement. It performs precisely the same function, in substantially the same way, and was obviously copied from the plaintiff's design.

The application to rehear is denied, and the decree as heretofore rendered will stand.